191 So.2d 172 (1966)
Luckett C. PITTMAN et al., Plaintiffs-Appellees,
v.
Andrew J. FOWLER et al., Defendants-Appellants,
Niagara Fire Insurance Company, Intervenor-Appellee.
No. 1815.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1966.
*173 Gold, Hall & Skye, by, George B. Hall, Alexandria, for defendants-appellants.
Stafford & Pitts, by, Grove Stafford, Sr., Alexandria, for plaintiffs-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
We have examined this voluminous record and have found many contradictions in the testimony of the various witnesses. After an examination of the entire record, we are of the opinion that the decision of the lower court is correct. We hereby adopt the opinion of the district judge, as follows:
"This is an action by Luckett C. Pittman and his wife, Mrs. Willie Pittman, sounding in tort against Andrew J. Fowler. The accident occurred on July 15, 1963, on Highway 71 south of Alexandria, Louisiana, immediately north of the bridge across Bayou Lamourie at Lamourie, Louisiana. The defendant's car was cross-wise in the lane of traffic occupied by the vehicle being operated by Mrs. Willie Pittman.
"In spite of having heard the witnesses in the case, except those who testified by deposition, and having read the transcript through once and the testimony of some of the witnesses more than once, I cannot even begin to reconcile the testimony of the witnesses for the plaintiff and the witnesses for defendant. At times one begins to believe that the witnesses were not talking about the same accident. Actually the only concrete thing that the Court can go on are the pictures that have been filed in evidence. I have never seen a case wherein a witness's testimony is corroborated by other witnesses or other evidence and then the witness is thoroughly impeached by other testimony and corroborating evidence.
"The plaintiff contends that she was proceeding in a northerly direction at a reasonable rate of speed when the defendant *174 appeared from her left, from behind the bridge, and proceeded across the main highway. She applied her brakes but was not able to stop in time to avoid the accident.
"The defendant contends that he was crossing Highway 71 at an angle when his automobile stalled and stopped. That it was partially on the shoulder and partially in the east lane of Highway 71 and the west lane was clear. He stated that he tried to start his car but couldn't, that he raised the hood but couldn't fix it; that he attempted to push it off the roadway but couldn't. He contended that he waved several cars around him and attempted to wave the plaintiff around.
"It is impossible to state that either the plaintiff or the defendant's version of the accident is correct and then give unimpeachable reasons for such conclusion.
"Because of the fact that the Court is unable to reconcile the testimony in the case and the evidence of the case, this case must be decided under the legal presumption of law that the vehicle that is in the wrong lane of traffic is the one deemed to be at fault and the burden is upon the defendant to exonerate himself from this presumption of negligence. Since the testimony is in a hopeless conflict, then the defendant, as a matter of law, has not exonerated himself from this legal presumption and is therefore responsible for the accident. In Laughlin v. Allstate Insurance Company, 169 So.2d 396, (La.App. 3rd Cir., 1964), the Court stated:
"`The trial judge was well apprised of our law that the driver of an automobile involved in a collision in the wrong lane of traffic is presumed to have been negligent and bears the burden of establishing that he was without fault or that there were circumstances that justified his conduct."
There are numerous cases announcing this principle of law and there is no necessity for further citation on this point.
"By the use of the photographs filed in evidence, one can reconstruct the accident. By using D-1 and D-4 one can place the Pittman vehicle as it was at the time of the impact, and by using P-5 and D-7 and fitting the Fowler vehicle in front of the Pittman vehicle as it was struck by the Pittman vehicle, one can place the Fowler vehicle in its position at the time of the accident. After locating the Fowler vehicle's position, one can readily see that the rear wheels were approximately on the center line and the entire portion of his vehicle from the middle of the rear wheels to the back end of it was across the center line. This reconstruction would also place the front wheels on the right tire mark of the Pittman vehicle which would put the front end of the Fowler vehicle along the edge of the highway. This roadway is only 24 feet wide, which would make a traffic lane 12 feet.
"Therefore the Court finds that the plaintiffs are entitled to recover against the defendant.
"This leaves only the question of damages.
"Mrs. Pittman's injuries were most unfortunate. At the time of the trial, two years after the accident, this lady still had not recovered. She has undergone several major operations and will undergo more in the future.
"The plaintiff has proven loss of earnings, past and future, in the sum of $4,537.50.
"In addition, plaintiff has proven property damage, (his deductible), in the amount of $100.00.
"Plaintiff has also proven past medical expenses in the sum of $6,422.36, as well as future medical expenses of $650.00. The plaintiff has also proven value of clothing destroyed in the accident in the sum of $40.00. The intervenor, Niagara Fire Insurance Company, is entitled *175 to recover the sum of $1,776.08 for the total loss of the automobile.
"To detail the injuries suffered by Mrs. Pittman would almost require a reiteration of the testimony of all of the doctors that testified in this case. The Court feels that she is entitled to the sum of no less than $25,000.00 for her pain and suffering.
"Therefore, there is judgment in favor of the plaintiffs for the amounts stated above, and against the defendants with legal interest and all costs of this suit. The witness fees of the experts are fixed at $50.00 and taxed as costs.
"The liability of The Casualty Reciprocal Exchange is limited to $5,000 for personal injuries and property damage for the automobile and clothing."
In his answer to the appeal, counsel for appellee argues that the wife's loss of wages should be construed as "property damage" instead of "bodily injury" under the terms of the insurance policy. From our reading of the decisions of this and other states, we are of the opinion that the loss of wages should be classified as resulting from "bodily injury". Gaines v. Standard Accident Insurance Company, (La. App., 1 Cir., 1947), 32 So.2d 633; Lacour v. Ferguson, (La.App., 1 Cir., 1942), 6 So.2d 206; Fetterly v. McNeely, (La.App., 1 Cir., 1955), 77 So.2d 757; Guarisco v. Swindle, (La.App., 1 Cir., 1961), 132 So.2d 643; Vogt v. Hotard, (La.App., 4 Cir., 1962), 144 So.2d 714; Royal Indemnity Company v. Olmstead, 9 Cir., 193 F.2d 451, 31 A.L.R.2d 635, and Jaggers v. Merchants Indemnity Corporation of N.Y., D.C., 119 F.Supp. 22.
Appellee also complains that interest should have been awarded on the entire judgment from date of judicial demand instead of from date of judgment. The district court judgment is against the insurer for its policy limits of $5,000.00 on which interest was allowed from the date of judicial demand. But, as to the excess over $5,000.00, interest was allowed only from the date of judgment. We answered all of these questions in the recent case of Doty v. Central Mutual Insurance Company, (La.App., 3 Cir., 1966), 186 So.2d 328, writ refused June 23, 1966, Louisiana Supreme Court, 249 La. 486, 187 So.2d 451.
In the Doty case, supra, we held the insurer is liable for interest from date of judicial demand up to the amount of its coverage, but is liable for interest on an excess of the judgment over and above its policy limits only from the date of the judgment.
Counsel for appellant argues that we should remand the case to the district court for the purpose of allowing that court to receive additional evidence in the case. The principal basis for the motion is a picture of the automobile of the defendant's witness, Kornfeld, allegedly taken at the scene the date of the accident. In our opinion a sufficient showing has not been made by appellant so as to warrant a remand, and accordingly, the motion to remand is denied.
For the reasons assigned, the judgment of the district court is affirmed. Appellant to pay all costs.
Affirmed.