214 So.2d 244 (1968)
JEFFERSON DOWNS, INC., and Zurich Insurance Company
v.
AMERICAN GENERAL INSURANCE COMPANY and Employers Insurance Company.
No. 3158.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1968.
Rehearing Denied October 7, 1968.
Writ Granted December 20, 1968.
*245 Normann & Normann, Margot Mazeau, Frank S. Normann, New Orleans, for plaintiffs, appellants.
Drury, Lozes, Young & Curry, James H. Drury, New Orleans, for defendants, appellees.
Before YARRUT, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
This is a suit based on the contractual rights of three insurance carriers and their respective mutual liability to the insured, Jefferson Downs, Inc. The insured suffered a loss of $134,897.27 from a burglary which occurred on October 18, 1964. At the time of the burglary loss, three policies of burglary insurance issued by Zurich Insurance Company with limits of $75,000.00, American Employers Insurance Company with limits of $50,000.00, and American General Insurance Company with limits of $25,000.00 were in effect.
*246 Recognizing their apparent liability to the insured, the insurance carriers settled the claim in the following amounts: Zurich Insurance Company and American Employers Insurance Company each paid the sum of $44,965.76 and American General Insurance Company paid $14,404.42 to Jefferson Downs. After a suit was filed in the U. S. District Court, Zurich paid an additional $27,030.82 and obtained an assignment, subrogation and release from Jefferson Downs.
The present litigation involves the suit filed by Zurich Insurance Company in its own name and in the name of its assignor, Jefferson Downs, Inc., against American Employers Insurance Company and American General Insurance Company for additional amounts allegedly due by them.
The petition alleged that American General owed an additional $584.17, making its total contribution $14,988.59, or one ninth (1/9) of the total loss. Upon the payment of this amount, American General was dismissed from the suit with prejudice in response to a motion by plaintiffs, Jefferson Downs and Zurich. This dismissal has the effect of a final judgment of absolute dismissal after trial, (cf. Code of Civil Procedure art. 1673). Therefore, the only defendant remaining in this suit is American Employers who is allegedly indebted to plaintiffs for an additional amount under their policy plus statutory penalties and attorney's fees as provided by LSA-R.S. 22:658.
The court a qua rendered judgment in the matter after having considered the merits of the cause as set forth in the joint stipulation of fact and memoranda submitted by the parties remaining in the suit.
This judgment, which was awarded in favor of the defendant, American Employers and against the plaintiffs, is the subject matter of the devolutive appeal presently before us.
The district court in its reasons for judgment found that each insurer was liable in the proportion that the total limit of liability of each carrier bears to the total applicable limits of liability in force at the time of the loss. In accordance with this reasoning, Zurich would owe 75/150 or ½ of the total loss; American Employers would owe 50/150 or 1/3; and American General would owe 25/150 or 1/6. The dollar amount of these proportions are as follows: Zurich (½) would owe $67,448.63; American Employers (1/3) would owe $44,965.75; and American General (1/6) would owe $22,482.88.
The record reveals that American Employers has already paid its proportionate share according to this distribution and the court dismissed Zurich's claim.
The only question on appeal therefore is whether American Employers should be liable in amounts greater than it has already paid. Zurich bases its contentions on the allegation that the special endorsement to American General's policy requires that it be considered the primary insurer while the other two should be considered secondary.
The endorsement in question is quoted in full below:
"It is agreed that effective October 1, 1964, Policy No. CR 390591 issued to JEFFERSON DOWNS, INC. is amended as herein specifically stated but not otherwise:
"It is agreed that the insured has and will maintain in force during the term of this policy, insurance for the coverages and limits of liability stated below:

Coverage Total Limit of Liability
Robbery Inside the Premises $225,000.
Robbery Outside the Premises $ 60,000.
Safe Burglary $225,000.

"It is further agreed that the company shall be liable only for such proportion of any loss as the amount underwritten by the company bears to the total limit of liability written.

*247 "This endorsement countersigned by an authorized representative of the company forms a part of the above policy issued by the AMERICAN GENERAL INSURANCE COMPANY, Houston, Texas."
In response to this argument, we note that each policy contains an excess clause which provides as follows:
"If there is any other valid and collectible insurance which would apply in the absence of this policy, the insurance under this policy shall apply only as excess insurance over such other insurance."
The obvious conflict appears when one observes that the excess clause requires that in the event the insured should contract other insurance, that the limits of the other insurance should be exhausted before this policy should be given effect.
The endorsement however states that the liability under the American General policy shall be determined as a proportion of the limits of its policy taken with the total limits of liability written. This endorsement can be given only one meaning; that is in order for this policy to pay on a proportional basis it must be considered as primary coverage together with those other policies which are anticipated by the $225,000.00 total coverage required. If American General's liability is to be determined on a proportional basis with the total amount of liability, it necessarily follows that it cannot be considered as an excess insurer as provided in the standard printed form of this policy.
It is well settled that an endorsement to the insurance policy takes precedence over the printed provisions contained in the body of the policy. Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co. Ltd., 158 La. 601, 104 So. 383 (1925); Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943). Therefore, the endorsement to American General's policy establishes that its liability should be determined on a proportional basis with the other insurers who may be liable for this loss. Thus, the proportionate liability of American General may be calculated, and subtracted from this total loss without affecting the rights of those other insurers who have no proportional nor pro-rata provisions.
Since the payment of 1/9 the total loss by American General, it was dismissed from the suit, and the only question left is the proper distribution of the remainder of this loss between American Employers and Zurich. We need not at this point involve our decision with the jurisprudential dilemma between what should be considered primary or secondary insurance coverage. The question is moot as to whether American General should be considered either primary or secondary as to the other two insurers who have no proportional liability but do have excess clauses. Our present decision is limited to and can only be concerned with the claim as exists between the parties remaining in the suit. Their mutual relation to the remaining loss is the sole issue before this court.
Considering this conclusion, we note that American Employers and Zurich both have written policies which contain the excess clause. These clauses are considered mutually repugnant and are therefore rendered ineffective. Graves v. Traders and General Insurance Company, La. App. 200 So.2d 67; writs granted,[1] 251 La. 73, 203 So.2d 89; State Farm Mutual Auto Ins. Co. v. Travelers Co., La.App., 184 So. 2d 750; Lincombe v. State Farm Mutual Automobile Ins. Co., La.App., 166 So.2d 920.
*248 These two insurers are considered equally liable for the remaining loss, because their respective excess clauses are nullified due to their mutual repugnancy and there is no pro rata or proportional liability provision in either of their policies. Therefore, each must bear the remaining loss equally until total coverage as contained in their respective policies is exhausted.
The total loss was $134,897.27 from which one must subtract the amount paid by American General ($14,988.59). The remaining loss ($119,908.68) is to be divided equally. The result of this division leaves an amount ($59,954.34) which is greater than the $50,000.00 policy limit of American Employers. American Employers' share of this loss is limited by its applicable policy limits; therefore it owes the difference between the amount it has paid ($44,965.76) and the total amount for which it is liable $50,000.00). The final result is that American Employers owes $5,034.24 as prayed for by plaintiffs.
Additionally, plaintiffs have prayed for a penalty of 25% as well as attorney's fees which under LSA-R.S. 22:658 are due if an insurer is found to have been arbitrary, capricious, or without probable cause in his failure to pay certain claims. We do not find American Employers' refusal to pay the sum demanded falls within any category listed in this statute and accordingly dismiss this claim as not supported by fact.
For the foregoing reasons, the judgment of the court a qua is reversed and it is hereby ordered, adjudged and decreed that there be judgment in favor of the plaintiffs, Jefferson Downs, Inc. and Zurich Insurance Company against the defendant, American Employers Insurance Company in the sum of $5,034.24 with legal interest thereon from date of judicial demand. All costs of these proceedings to be borne by defendant-appellee.
Reversed and rendered.
NOTES
[1] A writ was granted, but limited to the consideration of Assignment of Error No. 1 which dealt merely with policy limits which has no effect on the authority of this case as cited. In all other respects the application was denied.