DOMENGEAUX, Judge.
On October 14, 1967, an automobile being driven by Michael E. Ponder collided with a truck owned by Earl Gibbon Transport, Inc., and driven by one Leroy Watson. As a result, one of Ponder’s passengers, Robert Martin, was injured, and two others, Carl Ray Orgeron and Paul Dave Womax, were killed instantly. The parents of Orgeron and Womax brought suits for the wrongful deaths of their respective sons and those of Martin for their son’s personal injuries. All of the plaintiffs named Earl Gibbon Transport, Inc., its insurer, the Aetna Casualty & Surety Company, Michael E. Ponder, and his insurer, National Surety Corporation as defendants, and in the Womax case Leroy Watson was also made a defendant. In the Orgeron and Womax cases third-party actions were filed aganst Michael E. Ponder and National Surety Corporation by the other defendants for contribution should they be adjudged liable to plaintiffs. Subsequently young Martin, having reached the age of majority, substituted himself as plaintiff for the personal injuries portion of his law suit. The three cases were consolidated for trial but in the Womax case a jury was requested, and therefore, although all three were tried simultaneously, the Womax case was tried by a jury and the Orgeron and Martin cases were tried by the judge. The jury awarded $50,000.00 each to the parents of the Womax youth. The judge, after having taken the other two cases under advisement rendered judgments awarding the parents of the Orgeron boy $15,000.00 each plus burial expenses, young Martin $18,-000.00 for his injuries and his father $2,-140.00 for past and future medical expenses. All three judgments were against Earl Gibbon Transport, Inc., and the Aetna Casualty & Surety Company in solido, and in the Womax case Leroy Watson was also case in judgment. Plaintiffs’ and third-party plaintiffs’ demands against Michael E. Ponder and National Surety Corporation were dismissed. The Orgeron and Martin cases were appealed by Earl Gibbon Transport, Inc., and Aetna Casualty & Surety Company as well as by the Orgeron and Martin plaintiffs, but the Martin case was subsequently settled.
The Womax case was appealed to this court by the defendants and third-party plaintiffs seeking exoneration, or reduction and contribution from the third-party defendants. In a decision rendered on August 4, 1969, and reported at 226 So.2d 573 as Womax v. Earl Gibbon Transport, Inc., this court lowered the awards to the Wo-max parents to $20,000.00 each plus burial expenses of $1,619.20 and held Michael Ponder to have been guilty of negligence proximately causing the accident in question, and hence held him and his insurer, National Surety Corporation, liable to the Womax plaintiffs. The essence of that decision was a determination that insofar as they held Ponder’s negligence not to be a proximate cause of the accident, the findings of the lower court were erroneous. The same facts and circumstances applied to all three cases and hence a finding of liability on the part of Ponder and his insurer to the Womax plaintiffs, was surely applicable as well to the Orgeron and Martin plaintiffs, and we so hold. Two issues now remain before us, that of quantum and that of interest relative to defendant National Surety.
Turning then to the first of these issues, that of quantum, we bear in mind our statement in the Womax case that, “There must be some reasonable relativity (even if not uniformity) among wrongful death awards to parents.” In this case we think that uniformity is justified. It has been held by our courts ever since Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149, that awards in personal injury cases should be measured in terms of the facts and circumstances peculiar to the case at bar and that prior awards should be looked to only insofar as they might indicate an abuse of the trial court’s discretion. We do not quarrel with the views expressed in Gas-pard, and the position we take herein is completely consistent with the said views. *137 The facts and circumstances of the Orge-ron case are identical with those of the Womax case. The only difference in the two cases is that Carl Orgeron had for several years been planning and training to enter his father’s business, while Paul Womax, insofar as is revealed in the record, had no specific plans for the future. Thus, if anything, a higher award to the Orgeron plaintiffs might be indicated. The facts and circumstances of both cases being the same we think the awards should likewise be the same.
Further it is our opinion that the trial judge in reaching his determination of quantum was handicapped by an inculpable lack of guidance. He had only McConathy v. United Services Automobile Ass’n, La. App., 188 So.2d 470, in which $15,000.00 was awarded to each parent for the death of their son, to look to for the highest award theretofore allowed by our jurisprudence in cases such as this. Our decision in the Womax case, setting a new high of $20,000.00 per parent was handed down somewhat more than a month after the trial judge rendered his judgment in the Orgeron case. Thus he apparently gave judgment for what he thought to be the maximum amount this court would approve. Therefore, while we cannot say that the trial judge abused his discretion, we conclude that he failed to exercise it to award the parents of the Orgeron boy what we have already said in the Womax case constitutes a fair and just amount.
The second issue before us arises from defendant National Surety Corporation’s attempt to avoid the payment of interest on any judgment rendered against it and its insured, Michael E. Ponder, and in favor of the Orgeron parents, by tendering to the clerk of this court a check for the remainder of its policy limits, $5,000.00, shortly prior to our consideration of this appeal. National Surety refers us to a provision in the policy which they issued to Michael Ponder to the effect that National Surety is to be liable for interest only upon the rendition of a judgment and then only if the judgment comes before the Company has tendered or deposited in court that part of the judgment which does not exceed the policy limits. It is National Surety’s position that its unsuccessful attempt to deposit $5,000.00 in this court after the rendition of the Womax decision constitutes such a tender or deposit in court of its policy limits. It also cites LSA-R.S. 13:4203 which reads as follows:
“Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, ‘ex delicto’, which may be rendered by any of the courts.”
From this statute they syllogize that legal interest attaches only upon the rendition of a judgment, that no judgment has been rendered against them, and therefore that, applying the above policy provisions, interest should not be assessed against them.
We are not disposed to accept this argument.
Two young men were killed in the same accident, at the same time. The two were of much the same situation in life, being approximately the same age and freshmen in college. Every detail of the occurrence of the accident was identical in both cases, even to the cause of death. In the Womax case, supra, a judgment was rendered by this court holding Ponder and his insurer liable because his negligence, as driver of the automobile in which young Womax, Orgeron and Martin were riding, was a proximate cause of the accident. There can be no doubt that had these cases remained consolidated on appeal, Ponder and his insurer would have been held liable to the Orgeron and Martin plaintiffs as well as to the Womax plaintiffs. That they did not so remain was apparently due only to the fact that the Womax judgment, having emanated from the jury verdict, was rendered quite some time before the judgments in the Orgeron and Martin cases, and hence was appealed and heard by this court before the other two were.
*138 Thus National Surety’s efforts to avoid the payment of interest by depositing their policy limits in this court after it had become a certainty that they would shortly be cast in judgment, if successful, would result in a most inequitable outcome. It would result in the insurance company being allowed to escape the payment of interest the accumulation of which was a result of litigation that the company controlled. The insured, who had no control over the litigation, would then be liable for the interest. This is a result which LSA-R.S. 13:4203 was specifically designed to prevent and which our jurisprudence has prevented under the said statute. Thus in Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308, Justice Summers paraphrased and adopted as his own the holding in LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So. 2d 245, when he wrote,:
“ * * * when a policy of insurance provides for interest at a lesser rate, or for a shorter term, than the law fixes, it is in contravention of the law providing that interest shall run from date of judicial demand (Act 206 of 1916, now LSA-R.S. 13:4203). That law, the court held, should prevail over policy provisions to the contrary. This has been the law of Louisiana for more than twenty years. There is no merit in defendant’s contention.”
Surely then, under the law, the jurisprudence, and the equities of the case, we cannot accept the contentions of National Surety.
Of further import is the fact that nowhere does the law of this State provide for the creation or maintenance of registries in the Courts of Appeal and we have no registry in this court. Thus we lack the physical capacity to handle such a deposit of funds. Under Article 21 of our Civil Code when there is absent an express law on the subject we are commanded to proceed according to equity. It is evident from the above discussion that equity demands a rejection of National Surety’s contentions.
As to how much interest a tort-fea-sor’s insurer must pay, the cases are clear. It must pay the legal rate of interest on its policy limits from the time of judicial demand to the time of judgment. Thereafter it must pay interest on the entire amount of the judgment until that portion thereof representing its policy limits is paid. Pittman v. Fowler, La.App., 191 So.2d 172; Doty v. Central Mutual Insurance Company, La.App., 186 So.2d 328.
For the foregoing reasons the judgment appealed from is amended and affirmed in part and reversed and rendered in part, to grant judgment in favor of plaintiffs Mr. and Mrs. A. E. Orgeron in the amounts of $21,951.13 and $20,000.00 respectively against defendants Earl Gibbon Transport, Inc., Aetna Casualty and Surety Company, Michael Elven Ponder, and National Surety Corporation, in solido, with interest and costs; and judgment for contribution of one-half of principal, interest and costs, in favor of third-party plaintiffs Earl Gibbon Transport, Inc., and Aetna Casualty and Surety Company against third-party defendants Michael Elven Ponder and National Surety Corporation; defendant National’s principal liability to be limited to the $5,000.00 remaining in its policy limit, and its interest liability to be limited, but only up to the date of this judgment, to 5% per annum of $5,000.00; thereafter National Surety Corporation is to be liable for legal interest on the entire amount of this judgment until such time as it pays its policy limits.
Amended and affirmed in part; reversed and rendered in part.
SWIFT, J., concurs in the results.