252 So.2d 679 (1971)
ST. PAUL FIRE & MARINE INS. CO.
v.
H. J. ROUBION, d/b/a Roubion Transfer & Storage.
No. 8503.
Court of Appeal of Louisiana, First Circuit.
September 2, 1971.
*680 Donald T. W. Phelps, of Seale, Smith, Baine & Phelps, Baton Rouge, for appellant.
Philip Pfeffer and Guy L. Deano, Covington, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
TUCKER, Judge.
The defendant, H. J. Roubion d/b/a Roubion Transfer & Storage, was the owner and operator of an automobile involved in an accident at the intersection of Louisiana Highway No. 25 and U.S. Highway No. 190, near Covington, La., on September 23, 1966. Plaintiff, St. Paul Fire & Marine Insurance Co., paid defendant the sum of $1,143.88 for damages sustained by his automobile in the collision, pursuant to a policy of insurance which it had issued to the defendant.
Later the plaintiff company discovered that a cancellation notice had been given to the defendant allegedly to become effective on September 12, 1966, and sued to recover the money paid on the grounds that it had been paid by mistake and in error, and that the defendant had been unjustly enriched thereby. Subsequent to the trial, but prior to judgment, Mr. Roubion died, and the testamentary executor of his succession was substituted as the party defendant.
The basic policy entitled "Combination Automobile Policy" provided a variety of coverages, including bodily injury liability, property damage liability and collision. It also contained a "rider" or endorsement which specified as follows:
"This endorsement may not be cancelled without cancellation of the policy to which it is attached. Such cancellation may be effected by the Company or the Insured giving thirty (30) days' notice in writing to the Louisiana Public Service Commission at its office in Baton Rouge, Louisiana, said thirty (30) days' notice to commence to run from the date notice is actually received at the office of said Commission."
No proof was offered, however, to show that either the thirty (30) days' notice required by the endorsement, or the ten (10) days' notice required by Louisiana Revised Statutes 45:174 for cancellation of the policy or bond was ever given to the Louisiana Public Service Commission.
Judgment was granted in the lower court, rejecting the plaintiff's demands, and the plaintiff has appealed, alleging *681 that, although the personal injury and property damage liability provisions of the policy were still in effect on September 23, 1966, the date of the accident, due to the thirty (30) days' notice required by the policy endorsement, the collision coverage had terminated on September 12, 1966, pursuant to the ten (10) days' notice required under LSA-R.S. 45:174.
In his answer to the original petition, and in the alternative, defendant made Elder Brown Insurance Agency, Inc., a third party defendant, alleging that he had relied upon the Elder Brown Agency, plaintiff's agent, when it assured him that he was fully covered for the next thirty (30) days following the receipt of the notice of the cancellation of his insurance policy. At the conclusion of the trial the judge of the lower court dismissed the third party claim on the basis that the policy was cancelled by direct notice from the company to the insured; and that the agent did everything he could to properly represent the policy holder; and that he was in no way liable for the difficulties of the policy holder (Tr. 19). There was no appeal from the dismissal of the third party claim.
The clear language of the endorsement requires thirty (30) days' notice prior to the effective date of cancellation; and endorsements to policies take precedence over the printed provisions contained in the body of the policies. Jefferson Downs, Inc. v. American General Insurance Co., 214 So.2d 244, 247 (La.App. 4th Cir. 1968); writ issued 253 La. 65, 216 So.2d 308 (1969); appeal dismissed 256 La. 244, 236 So.2d 27 (1969). The "rider" reads: "This endorsement may not be cancelled without cancellation of the policy to which it is attached. Such cancellation may be effected by the Company or the Insured giving thirty (30) days' notice * * *." (Emphasis added.) Since the accident occurred within the thirty days' notice period, defendant was covered by the original policy and its endorsement.
Even if there should be some valid argument as to whether the ten (10) days' notice or the thirty (30) days' notice prevailed, any discrepancy between the policy and the endorsement is construed in accordance with the endorsement. LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 865, 13 So.2d 245, 248 (1943); and Zurich Ins. Co. v. Bouler, 198 So.2d 129, 131 (La.App. 1st Cir. 1967); and all material differences are construed against the insurance company. Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co., 158 La. 601, 607, 104 So. 383, 385 (1925); and Loubat v. Audubon Life Insurance Company, 170 So.2d 745, 748 (La. App. 1st Cir. 1964).
For the foregoing reasons the judgment of the lower court will be affirmed at appellant's costs.
Affirmed.