292 So.2d 255 (1974)
Joseph MAGGIO and Harold LeBlanc
v.
MANCHESTER INSURANCE CO. et al.
No. 6108.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
Jules J. Mumme, III, New Orleans, for plaintiffs-appellants.
Nelson, Nelson, Garretson, Lombard & Stern, Charles C. Garretson, New Orleans, for defendant-appellee.
Before GULOTTA and MORIAL, JJ., and CLEVELAND J. MARCEL, J. Pro Tem.
GULOTTA, Judge.
We are called upon to interpret an automobile liability insurance policy.
Plaintiffs' parked automobiles were struck by an automobile owned by defendant Pedro Colon and driven by defendant Romolo Rodriguez. Colon is the named insured on a liability policy issued by the defendant insurer, Manchester Insurance & Indemnity Company, in effect at the time of the occurrence of the accident on August 3, 1971 in the City of New Orleans.
Plaintiffs seek recovery against the defendant insurer based on the omnibus clause of the policy, which extends coverage under the definition of an "insured" to persons operating the named insured's automobile with his permission.
Defendant contends coverage is limited to the named insured or to members of his immediate family residing in the same *256 household in accordance with an amendatory endorsement attached to and made a part of the policy.
The trial court dismissed plaintiffs' suit against the defendant insurer, Manchester Insurance & Indemnity Company, and reserves to them the right to proceed against Colon and Rodriguez. Plaintiffs appeal. We affirm.
The "insured" in the policy is defined as:
"* * * the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either." (emphasis ours)
The policy includes an attached amendatory endorsement which reads:
"This endorsement forms a part of the policy to which it is attached issued by the MANCHESTER INSURANCE & INDEMNITY COMPANY.
"It is hereby understood and agreed that the Insuring Agreement, `Definition of Insured'; is hereby eliminated and such insurance as is afforded by this policy applies only to the NAMED INSURED OR MEMBERS OF HIS IMMEDIATE FAMILY, RESIDING IN THE SAME HOUSEHOLD WITH THE INSURED."
It is clear from a reading of the policy and the endorsement that the definition of insured is restricted to the named insured or members of the insured's family residing in his household. Plaintiffs, however, claim that the intent to delete the omnibus clause was not clearly expressed. They argue that the application for insurance contains an exclusion which provides as follows:
"It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by ________."
They call to our attention that because no name was inserted in the blank space, no one is excluded since the exclusion applies only to the named person set forth in the blank space. According to plaintiffs, no one is named; no one, then, is excluded. Therefore, they contend a person operating the automobile with the named insured's permission is included. This argument, though ingenious, is without merit. In the first place, the application does not form a part of the insurance contract; and, secondly, the application contains clearly on its face the words, "no other driversonly applicant."
Plaintiffs finally urge that the policy and the endorsement are ambiguous, and in such instances the policy must be construed unfavorably against the insurer. They cite a concurring opinion in Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972) in support of their argument.
We have no quarrel with the jurisprudence relied on by plaintiff as reflected in the concurring opinion cited. However, we fail to find any ambiguity in the policy as amended by the endorsement. It is well established that while any ambiguities in the policy are to be construed unfavorably against the insurer, nevertheless, when the language of the policy and the endorsement is clear, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be made. Hurst v. Hardware Mutual Casualty Company, 234 So.2d 802, at page 808 (La.App. 1st Cir. 1970); Herring v. American Bankers Insurance Company, 216 So.2d 137 (La.App. 2nd Cir. 1968).
In the instant case, the meaning of the agreement, when read with the policy, is clear.
*257 It is also well settled in our jurisprudence that riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy. In the event of any conflict between the endorsement and the policy, the endorsement prevails. Jefferson Downs, Inc. v. American General Ins. Co., 214 So.2d 244 (La.App. 4th Cir. 1968); St. Paul Fire & Marine Ins. Co. v. Roubion, 252 So.2d 679 (La.App. 1st Cir. 1971).
When the policy and the amendatory endorsement are read together in the instant case, the clear intent is to provide coverage to the named insured or members of his immediate family residing in the same household and does not extend coverage to other persons operating the owner's automobile with his consent. Accordingly, the trial judge properly dismissed plaintiffs' suit against Manchester Insurance & Indemnity Company, the liability insurer of Romolo Rodriguez. The judgment is affirmed. Plaintiffs are to pay all costs.
Affirmed.