An accident experienced by plaintiff on November 8, 1937, rendered him totally, but temporarily, disabled to discharge the duties of his employment. When injured he was insured under a policy issued by the Peoples Industrial Life Insurance Company of Louisiana seven days previously.
The contract required his paying a weekly premium of twenty-five cents, twenty per cent of which was for life insurance while the balance provided insurance against disability from sickness or accident; and it obligated the insurer to pay the weekly benefits listed in the affixed schedule according to the terms thereof.
The scheduled sick or accident benefit is $5 per week; however, qualifying provisions relating thereto are stipulated. Among these is one reciting that the policy is in half benefit for disability resulting from any accident occurring or illness contracted within six months from its issuance date. Another states that "for malaria, pleurisy, gastritis, sprains, rheumatism, colds, bronchitis, grippe, flu or influenza, two weeks' disability benefits only will be paid."
Defendant paid to plaintiff, in full settlement of his injury claim, the total sum of $5, this being two weekly benefits of $2.50 each.
In this suit, predicated on the described insurance contract, plaintiff alleges that, as a result of the accident, "he suffered a dislocated vertebrae in his back and also a dislocation of a nerve center in his back, and that his left leg, particularly his knee and ankle, were paralyzed and rendered stiff," all of which caused his total disability. He *Page 342 
prays that defendant be condemned to pay him weekly benefits of $5 for a period of twenty-four weeks, together with statutory penalties and attorneys fees.
The position of defendant is that the injury sustained was a sprain of the back; and that for the disability resulting there was due the insured, according to the qualifying provisions of the policy, only the two weekly benefits of $2.50 each, which it has already paid.
The trial judge disallowed the claim for penalties and attorneys fees, but awarded plaintiff judgment for $55, or twenty-two weekly benefits of $2.50 each.
The appeal prosecuted by defendant has been answered, plaintiff requesting that the judgment be amended to the extent of allowing the full amount of his original demand.
The evidence is conclusive that the insured suffered only a sacro-iliac strain or sprain, and that the period of total disability was twenty-two weeks. If there had been injuries to his left leg, as he contends, complaint respecting them would have been registered with the two highly reputable physicians furnishing medical attention, one of whom observed him several times each week during the entire period of disability; but this was not done.
It is also clear that under the terms of the policy only one-half of the scheduled weekly benefit, or $2.50 per week, is payable to plaintiff for the disability experienced. This is because the accident occurred within six months of the policy's date.
The serious question in the case, and one that has given us no little concern, is whether or not the sacro-iliac sprain that totally disabled the insured for twenty-two weeks is contemplated or provided for in the above quoted restrictive clause which refers to sprains and other ailments and requires payment of only two weekly benefits.
The problem presented herein, so far as we know, has never been the subject of judicial inquiry by any appellate court. Consequently, its solution must be achieved by applying the general rules of construction relating to insurance contracts of the type and kind under consideration.
In the construction and interpretation of contracts of insurance, just as with other contracts, the intention of the parties is of paramount importance. This intention is determined in accordance with the plain, ordinary and popular sense of the language which they have used in the agreement, and by giving consideration, on a practical, reasonable and fair basis, to the instrument in its entirety.
If the intention is clear, the courts are without right to change the contract in any particular; it is the law between the parties. But if the policy's language is uncertain or ambiguous, and more than one construction is possible, the construction most favorable to the insured will be applied. Also, if one of two possible interpretations would lead to an absurd conclusion it must be abandoned, and that which appears to be more consistent with reason and probability will be adopted.
The insurance company prepares the contract, the insured not being consulted as to the form to be used, and all doubts with reference to the meaning intended must be resolved against the company.
A purpose of the policy in the instant case was to provide remunerative protection to plaintiff in the event of his becoming disabled from an accident or sickness. The maximum number of weekly benefits payable for disability was fixed at twenty-six during any twelve consecutive months, and this indicates that a disabling condition of long duration is insured against.
But the controverted provision of the contract limits benefit payments to two weeks for malaria, pleurisy, gastritis, sprains, rheumatism, colds, bronchitis, grippe, flu or influenza. All of these are well known and common ailments, and none is usually productive of lengthy total disability. Even the term "sprain" is ordinarily and popularly applied to an injury involving the wrenching of a ligament, joint or muscle where only trivial inconvenience and discomfort result. Undoubtedly it was because of disabilities of minor consequence being commonly furnished by those disorders that the restrictive period of two weeks was stipulated. Considering this, and particularly by reason of the discussed association of ailments, it would appear that the sprains contemplated by the clause in question are those of slight degree.
An accident could occur in which an insured under a similar policy would suffer the spraining of every muscle, joint and ligament in his body, but without fracturing a single bone; and thereby be totally disabled *Page 343 
for an indefinite period. In such event would he be limited to a recovery of two weekly benefits? To so hold, considering the general object and scope of the contract and all of its provisions, would seemingly be reaching an absurd conclusion.
The word "sprains" as used in the clause under consideration is, as above noticed, susceptible of two interpretations. It either refers to all sprains, regardless of the extent of disability resulting, or it is limited to those of a minor nature. The injury to plaintiff's back, the sacro-iliac sprain, can not be classed as slight. It was severe or major in character, the undisputed medical testimony showing that the insured was by reason thereof incapacitated for more than five months. By resolving all doubts in his favor and by adopting the interpretation most favorable to him, we must hold that major sprains were not intended by the parties to be included in the contested provision and that plaintiff is not restricted to a recovery of two weekly benefits.
The imposition of statutory penalties and attorneys fees is unwarranted, as the trial judge correctly held.
The judgment is affirmed.