CULPEPPER, Judge.
The plaintiff, surviving widow of J. M. Foshee, deceased, brought this suit for death benefits due under a health and accident insurance policy. She alleges that Mr. Foshee died when a pistol accidentally discharged and shot him in the head. The trial judge sustained defendant’s exception of no cause of action on the grounds that the policy in question does not cover “gunshot wounds”. Plaintiff appealed.
The allegations of plaintiff’s petition, which, for purposes of the exception of no cause of action, must be accepted as true, show that “J. M. Foshee met an accidental death on September 4, 1961, when a pistol was accidentally discharged and he was shot in the head.” The policy, which is attached to plaintiff’s petition, states at the outset that it insures the employees of “J. M. Foshee Garage * * * to the extent and subject to the provisions, conditions and limitations hereafter set forth.” It is then stated that no benefits shall be paid except for “occupational accidents” which occur while employees are actually engaged in the duties of their said employment and that “This policy does not cover: (A) Eye Refraction, Glasses, Gun Shot Wounds, or conditions caused by Bee Sting, Insect Bites, or Poison Ivy. (B) No benefits of any kind shall be payable when any procedure involves either Hernia or Hemmorrhoids. (C) All benefits under this policy shall be reduced to one-half benefit at age (60) sixty nearest birthday.”
Following this statement of coverage, and the limitations thereof, the policy sets forth the “Schedule of Benefits” which includes benefits of three different types. Section 1 provides benefits for “Accident Indemnities for Specified Losses”, including loss of life. Section 2 provides benefits for “Loss of Time — Accident Indemnities”. Section 3 provides benefits for “Hospital and Medical Care Expense”.
It is the contention of the plaintiff appellant that the policy is ambiguous in that it does not state which, if any, of the three stated types of benefits are excluded in case of gunshot wound. Plaintiff argues that since the policy is ambiguous in this respect, it must be construed against the insurer.
In disposing of this argument, the trial judge, in a well considered written opinion, expressed the following reasoning which we adopt as our own:
“The court cannot agree with plaintiff that the policy of insurance is ambiguous. It is certainly true that the policy contains a SECTION I ACCIDENT INDEMNITIES FOR SPECIFIED LOSSES, SECTION II LOSS OF TIME — ACCIDENT INDEMNITIES, and a SECTION III HOSPITAL AND MEDICAL CARE EXPENSE, as well as other numbered sections. Also, there is a portion of the policy at the end thereof headed up as GENERAL PROVISIONS. However, the exclusionary clause, quoted supra, is found at the beginning portion of the policy, and viewed in an ordinary manner it, in the mind of the court, affects all the benefit provisions that follow it.
“Giving this policy a plain and ordinary interpretation and the words *594 the usual and customary meaning, there is only one conclusion that can be arrived at and that is that the claim of any one for benefits under the policy must not arise from gunshot wounds.
■“See: Muse v. Metropolitan Life Insurance Co. (1939) 193 La. 605, 192 So. 72 [125 A.L.R. 1075] and Beard v. Peoples Industrial Life Insurance Co. of Louisiana (1941) La.App., 5 So.2d 340.”
In view of the conclusion reached above we find it unnecessary to consider the two remaining grounds urged by defendant in support of its exception of no cause of action, i. e.: (1) that the policy had lapsed and was not in effect on the date of Mr. Foshee’s death, and (2) that Mr. Foshee committed suicide and his death would be excluded under the provisions of the policy.
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.