198 So.2d 129 (1967)
ZURICH INSURANCE COMPANY
v.
Harris W. BOULER et al.
FERTEL TRUCKING COMPANY, Inc., et al.
v.
AMERICAN LIBERTY INSURANCE COMPANY et al.
Nos. 7030, 7031.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
*130 Davidson, Meaux, Onebane & Donohoe, Lafayette, for defendant-appellant, American Liberty Ins. Co.
Lewis & Lewis, Opelousas, for defendant-appellant, Bituminous Casualty Corp. and Harris W. Bouler.
Landry, Watkins, Cousin & Bonin, New Iberia, for Zurich Ins. Co.
Jones, Walker, Waechter, Pointevent, Carrere & Denegre, New Orleans, for Travelers Ins. Co. and Fertel Trucking Co. Inc.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
These consolidated causes arise from a single automobile accident. The present for determination a question of law, namely, whether defendant, American Liberty Insurance Company (American), insurer of an automobile being driven by one other than the owner and named insured but with the knowledge, consent and permission of the owner, may be held liable in solido with defendant, Bituminous Casualty Corporation (Bituminous) liability insurer of the driver, for damages admittedly caused by the negligence of the driver. The trial court held both insurers solidarily liable. In so decreeing we find the lower court erred in failing to apply a policy exclusion which eliminated coverage by American when the vehicle was being operated under the circumstances which prevailed at the time of the accident in question.
The facts of the instant case are not in dispute. On November 24, 1964, an automobile accident occurred in St. Mary Parish, involving a 1964 Ford Fordor Sedan belonging to Rufus J. Bouler and insured by defendant American. At the time of the *131 accident the vehicle was being operated by the owner's brother, Harris W. Bouler, the insured of Bituminous. The owner Rufus J. Bouler, was a passenger in the vehicle when the mishap occurred. It is conceded the driver, Harris W. Bouler, was using the vehicle with the permission of its owner; its actual use being personal to the driver, namely the collection of accounts receivable due said driver by virtue of his operation of a business with which the vehicle's owner had no connection.
As a result of the accident in question, a truck and trailer belonging to plaintiff, Fertel Trucking Company (Fertel) and insured by plaintiff, Travelers Insurance Company (Travelers), received damage as did also a truck owned by R. E. Mabry d/b/a M and M Welding Service, and insured by plaintiff, Zurich Insurance Company. After trial on the merits, the lower court rendered judgment in favor of Travelers in the amount of $1,973.00, in favor of Fertel in the sum of $4,712.50, and in favor of Zurich in the aggregate of $1,057.50. Defendants Bituminous and American were cast in solido. American has appealed contending the trial court erred in holding that the driver, Harris W. Bouler, was an insured under the omnibus clause in the body of the policy covering the Bouler automobile. Although Bituminous does not challenge the correctness of the trial court finding its assured Harris W. Bouler guilty of negligence proximately causing the accident, said defendant has nevetheless appealed to prevent the judgment rendered against it becoming executory pending disposition of the appeal by American.
The policy issued by American to the vehicle's owner, Rufus J. Bouler, is a combination liability policy containing the standard omnibus clause. The declared class of the insured vehicle is stated in the policy to be Taxi Terr. 10. Attached to the contract is an endorsement which covers use of the insured vehicle as a cab, the pertinent portion of which said endorsement provides:
"It is hereby understood and agreed that such insurance as is afforded by the policy for Bodily Injury and Property Damage Liability applies with respect to the automobiles of the private passenger type classified as `Taxicab', subject to the following provisions.
"1. The insurance applies only to the named insured: and
"2. The insurance applies only while the automobile is used by the named insured for purposes stated in the declarations or for pleasure purposes; and
"3. The insurance applies while the automobile is used for the purposes as stated in the declarations only if the automobile has a seating capacity of not more than FIVE passengers; and only while the automobile (a) is subject to call from a garage, stand, station or other public places and is rented with the named insured or a chauffeur of the named insured in attendance, and (b) is not operated as a regular route * * *"
Counsel for all parties concede the applicability of the well established rule of interpretation to the effect that riders or endorsements affixed to a policy of insurance are to be construed in connection with the printed provisions of the policy and the entire agreement harmonized, if possible, but in the event of irreconcilable conflict, the endorsement or rider prevails. Loubat v. Audubon Life Insurance Co., La.App., 170 So.2d 745, and cases therein cited.
Also germane to the issue at hand is the settled principle that a contract of insurance is a voluntary agreement between the parties, who may incorporate therein such provisions and conditions as they see fit. Lezina v. Fourth Jefferson Drainage District, La.App., 190 So.2d 97.
A contract of insurance should be given a fair, reasonable and sensible construction *132 compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. The effect attributed to an insurance policy should be such as would be accorded its terms by an ordrinary intelligent business man, that is, a practical and reasonable interpretation rather than a literal one. Such a contract should not be given a strained, forced or unreasonable application or one which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms, or which would lead to an aburd conclusion. Loubat v. Audubon Life Insurance Company, supra.
Where the intention of the parties is clearly manifest by the words of the policy, the courts are without right to change the contract in any respect; it is the law between the parties. However, if the language of the policy is uncertain or ambiguous, and more than one construction is possible, the construction most favorable to the insured will be applied. Beard v. Peoples Industrial Life Ins. Co. of Louisiana, La.App., 5 So.2d 340.
Notwithstanding the rule that ambiguities are to be construed in favor of the insured and against the insurer, nevertheless, when the intent of the parties is manifest from the terms of the contract, there is nothing for the court to construe and the policy must be given a reasonable interpretation consistent with the apparent object and plain intent of the parties. Hemel v. State Farm Mutual Auto. Ins. Co., 211 La. 95, 29 So.2d 483.
Succinctly stated, the position of counsel for Bituminous is that when the terms of the omnibus clause and above quoted rider or endorsement are construed together, the policy provides protection to all persons using the vehicle with the permission of the named insured except when the vehicle is being operated as a taxicab by the permittee. It being conceded the vehicle was being used by the driver for his own personal use at the time of the accident, and not as a taxi, counsel for Bituminous argues Harris W. Bouler was therefore an omnibus insured.
On the other hand, counsel for American maintains the terms of the omnibus clause (which extends coverage to any driver operating the vehicle with permission of the named insured) are totally irreconcilable with the language of the endorsement or rider which clearly limits coverage to the named insured, Rufus J. Bouler, only. On this premise counsel for American asserts the endorsement controls and as a consequence there was no coverage afforded Harris W. Bouler under the omnibus clause of the policy proper.
It is readily apparent the terms of the endorsement and omnibus clause are in total, hopeless and irreconcilable conflict. The omnibus clause affords coverage to anyone operating the insured vehicle with permission of the named insured. Also significant is the fact that the policy provisions classify the vehicle as a taxicab.
However, in clear, express and unambiguous language, paragraphs 1 and 2 of the endorsement limit the coverage afforded for bodily injury and property damage to the named insured when the vehicle is used by the named insured for the purposes stated in the policy declaration, (Taxi cab) or pleasure purposes. Paragraph 3 then proceeds to place additional restrictions upon coverage which need not be considered in disposition of the case at hand.
Worthy of further note is the fact that the policy proper excludes coverage in the event of use of the described vehicle for livery or jitney service, thus necessitating the declaration of the vehicle as a taxi in order that it be insured during such use. It appears that the owner, Rufus J. Bouler is engaged in the operation of a taxi which no doubt explains classification of the vehicle as a cab. This circumstance accords with the limitation in the endorsement restricting coverage to those instances wherein the insured vehicle is being operated as a taxi by the named insured, or is being operated *133 by the named insured for pleasure purposes. Viewing the policy and endorsement together, limitation of coverage to the named insured only in those instances when the insured vehicle was being used either as a taxi or for pleasure purposes, is the sole reasonable interpretation which harmonizes the terms of the endorsement with those of the policy proper. Neither of said circumstances existed at the time of the accident in question.
Since the endorsement clearly contradicts the provisions of the omnibus clause, the terms of the former must prevail. Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co., 158 La. 601, 104 So. 383.
Considering the express language of the endorsement, we cannot go beyond its explicit terms. Under such circumstances the court may not concern itself with either the wisdom or relative merits or demerits of the agreement. The parties having mutually agreed upon the terms of the contract are bound thereby as a matter of law. Lezina v. Fourth Jefferson Drainage District, La.App., 190 So.2d 97.
In the case at hand, the insurer undertook to extend protection only pursuant to the terms of the endorsement. Its provisions do not include the driver, Harris W. Bouler, under the circumstances prevailing at the time of the accident. It follows that the judgment of the trial court must be reversed and set aside insofar as it cast defendant American solidarily with Bituminous.
It is therefore ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby amended to set aside that portion thereof which cast defendant, American Liberty Insurance Company, in solido with defendant, Bituminous Casualty Corporation.
It is further ordered, adjudged and decreed that save and except as herein amended and modified, the judgment of the trial court is affirmed at the cost of defendant-appellant, Bituminous Casualty Corporation.
Amended and affirmed.