268 So.2d 138 (1972)
Gordon CORKERN, Plaintiff-Appellee,
v.
MAIN INSURANCE COMPANY, CHICAGO, ILLINOIS, and Mrs. Ruth S. Rollins, Defendant-Appellant.
Alvin GARIC, Individually and for and on Behalf of his minor child, Patricia Marlene Garic, Plaintiff-Appellee,
v.
MAIN INSURANCE COMPANY, CHICAGO, ILLINOIS, and Mrs. Ruth S. Rollins, Defendant-Appellant.
Joyce Davis MILLER, Individually and as Administrator for and on Behalf of her minor son, Robert Wayne Miller, Plaintiff-Appellee,
v.
MAIN INSURANCE COMPANY, CHICAGO, ILLINOIS, and Mrs. Ruth S. Rollins, Defendant-Appellant.
Nos. 8983, 8984 and 8985.
Court of Appeal of Louisiana, First Circuit.
October 2, 1972.
Writ Refused November 16, 1972.
*139 Charles C. Garretson, and Jules A. Carville, III, La Place (Nelson & Nelson), New Orleans, for defendant-appellant.
John W. Anthony (Talley, Anthony, Hughes & Knight), Bogalusa, for plaintiff appellee.
Before SARTAIN, ELLIS and BLANCHE, JJ.
SARTAIN, Judge.
These three consolidated cases arise from a one-car accident which occurred in the Parish of St. Tammany on the morning of May 16, 1969. Plaintiffs were guest passengers in a 1968 Chevrolet automobile owned by Carl A. Rollins and driven at the time by his stepson, Farley Morris. Defendants are Mrs. Ruth S. Rollins, mother of Farley Morris, and the Main Insurance Company (Main), the liability insurer of the Rollins' vehicle.
The sole issue here, as in the trial court, is the question of coverage. The policy in question was initially issued for the period October 17, 1968, to October 17, 1969. The original policy contained an exclusion which provided: "There will be NO COVERAGE if the vehicle is being operated by any person under the age of twenty-five (25) years of age other than as listed above." In addition to this statement there was stamped on the outside of the policy the following: "POLICY NULL & VOID In the event of a loss incurred by other than a named driver. All drivers under 25 must be listed on the policy." The initial policy covered a 1965 GMC truck and a 1968 Chevrolet 4-door Impala. Listed as authorized drivers were Carl A. Rollins and Ruth S. Rollins. The policy itself was Class Rated IB. On October 17, 1968, an endorsement was issued, which reflects the addition of a third vehicle, a 1964 Chevrolet Malibu. The class rate on the endorsement is shown as 2A.
The endorsement was issued as per the instructions of Mr. Hoyt M. Garrick, Pleasant Hill Insurance and Real Estate Agency of Bogalusa, Louisiana. His letter to the company requesting the endorsement stated:
"On the captioned policy please add the following unit as unit number three:
1964 Chevrolet Malibu v8 2dr. H/T M#45637K 163505
Also there will be an underage boy as a part time driver:
Farley M. Morris Birthdate: 8/13/48 License No. 1724547 this is Mrs. Rollins' son.
Please charge this additional premium to our account and send us an endorsement."
Main contends that the aforementioned endorsement covered young Morris only in the event he was driving the 1964 Malibu *140 and did not afford liability coverage to him under the main policy because he was not listed as an authorized driver and therefore was excluded by the aforementioned exclusionary clauses.
Plaintiffs contend that the endorsement did two things, (1) it included coverage of the 1964 vehicle itself and (2) changed the classification of the main policy from IB to 2A, thereby insuring persons under the age of 25, including young Morris.
Main filed a peremptory exception of no right of action urging the exclusionary provisions. The exception was overruled by the trial judge. The same issue was raised as a defense to the merits and again overruled by the trial judge who held that the policy itself, the letter of the agent, and the following endorsement created an ambiguity as to coverage, vis a vis, young Morris and resolved the ambiguity against the insurer. With this conclusion we concur and affirm.
The testimony adduced at the hearing on the exception and on the merits clearly reflects that a policy rated 1B means that only named insureds are afforded coverage and more particularly, persons under the age of 25 are specifically excluded. Whereas a policy rated 2A does not require the name of the insureds and includes persons under the age of 25, driving with the consent of the owner of the vehicle.
The agent testified that his transmittal letter to Main seeking the endorsement was intended to afford coverage to young Morris and that the premium paid following the endorsement reflected this additional coverage.
We find that an ambiguity does exist if the original policy and the endorsement thereof are treated separately. However, we note that the endorsement has the effect of modifing the entire policy. Of particular significance to us is the classification change from 1B to 2A. Young Morris's name does not even appear on the endorsement so we must construe the classification change as affecting the original policy. This was the clear intent of Mr. and Mrs. Rollins and the agent and the endorsement does not contain any exclusionary language indicating coverage to the contrary.
It is well established that a policy of insurance is a contract between the insurer and the insured and is to be enforced in accordance with its terms where such terms are clear and unambiguous. Such a contract is not to be given a strained, forced or unreasonable application but a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. Zurich Insurance Co. v. Bouler, 198 So.2d 129 (1st La.App. 1967).
However, it is equally well settled that any ambiguity in the contract is to be resolved against the insurer and in favor of the insured. Graham v. Maryland Casualty Co., 230 So.2d 264 (1st La.App. 1969), Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958). Kendrick specifically decreed that it is the duty of an insurer to express clearly any exclusions or limitations of its obligations in a liability policy. In Zurich, supra, it was held that in the event of an irreconcilable conflict between an original policy and a subsequent endorsement, that the latter prevails. The endorsement issued in the instant case contains no limiting language. To the contrary, the change in policy classification itself indicated the broader coverage. See also Jefferson Downs, Inc. v. American General Insurance Company, 214 So.2d 244 (4th La.App.1968) and Loubat v. Audubon Life Insurance Company, 170 So.2d 745 (1st La.App. 1965), affirmed at 248 La. 183, 177 So.2d 281.
Lastly, appellant endeavored to introduce a second endorsement to the policy dated May 7, 1969, which deleted from the main policy a "1964 Chevrolet". The offering was objected to on the grounds that it was not properly identified. Defendant *141 proffered the endorsement under C.C.P. Art. 1636 and as such it is a part of the record. Appellant contends that inasmuch as this endorsement relates to only one unit, namely a 1964 Chevrolet, and fails to indicate any change in classification, that the endorsement lends credence to its argument that the first endorsement was not intended to change the classification of the original policy from 1B to 2A. We need not respond to this argument as we consider the rejection of the offering as well taken. The same was not properly identified, is a photostatic copy of a purported original, and only identified by an ex parte affidavit of an unidentified person from the home office of the insurance company.
Accordingly, for the above and foregoing reasons, the judgment of the district court in each of these cases is affirmed at appellant's cost.
Affirmed.