295 So.2d 886 (1974)
J. K. MARTIN PULPWOOD COMPANY, INC., Plaintiff-Appellee,
v.
The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.
No. 12314.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
Stafford, Pitts & Stafford, by John L. Pitts, Alexandria, for defendant-appellant.
Charles B. Bice, Jimmy Wayne Wiley, Winnfield, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
A piece of pulpwood equipment, known as a "tree-farmer", owned by J. K. Martin Pulpwood Company, Inc., was damaged when it struck a railroad overpass while being transported on a lowboy tractor-trailer *887 unit owned and operated by Gus Jones. Plaintiff sues its own insurer to recover $8,843.56, the amount of the alleged damage to the tree-farmer, and from judgment in plaintiff's favor, defendant appeals. We affirm the judgment.
It was stipulated the tree farmer was loaded on the flat bed trailer to which it was chained while being transported. Approximately eight miles south of Winnfield, Louisiana, Jones drove under a railroad overpass. The equipment struck the overpass, breaking the chains and knocking the tree-farmer off the truck, causing damage to the machine in the amount for which this suit was brought.
At the time of the accident there was in effect a policy of insurance, designated as a "Contractor's Equipment Floater Policy" under which Travelers Indemnity Company insured the piece of equipment in question. This policy contained the following pertinent language:
"1. This policy Insures Against Direct Loss or Damage By:
* * *
(h) Collision, Derailment or Overturning of land conveyances while the insured property is being transported thereon. The coming together of railroad cars during coupling shall not be deemed a collision within the meaning of this Policy.
* * *
"4. This policy Does Not Insure Against:
(k) Loss or damage caused by perils other than those specified in Paragraph 1."
Defendant denied coverage, contending that as applied to this case the above quoted policy provision required a collision of the "land conveyance" per se. It urges the policy language is clear and unambiguous and clearly expresses the foregoing contention; therefore, the contract must be enforced as written. Further, it is contended the absence of ambiguity precludes application of the rule that the policy must be construed against the one who prepares it; that insurers are free to limit their liability, where not contrary to public policy or statutes; and the limitation must be given effect as intended.
In the instant case Martin Pulpwood Company is engaged in logging operations requiring movement of large equipment on land conveyances from one point of operation to another. The policy, as noted previously, is classified as a "contractor equipment" policy on the back of which is a space provided for "Daily Report for Scheduled Property Floater."
Examination of the policy [which is made difficult by numerous duplicates of certain pages], reflects the tree-farmer, described as a "Pulpwood Porter Skidder S# 4D0001 w/Prentiss Loader Mounted S# TMSZ1 44937205", was added to the original policy by amending schedule 8000A which stated this particular piece of equipment was insured for $21,000. The total amount of Travelers' exposure was $71,000, covering the tree-farmer and other heavy equipment owned by plaintiff.
Only one page of the duplicate policy, which was substituted in the record for the original, contains the insuring agreement [quoted herein as 1(h)] insuring against direct loss or damage while the insured property is being transported on land conveyances.
On the reverse side of the insuring agreement eleven categories of loss are specifically excluded from coverage and these eleven contain several sub-titles and include numerous conditions under each. There is no specific exclusion for damage to equipment "while being transported on a land conveyance." The policy does not provide coverage for damage to the "conveying vehicle."
It is conceded the exact question presented is res nova in Louisiana and the common law authorities are split on their *888 interpretations. We have read the cases cited by both appellant and appellee. We conclude the better-reasoned opinions have sought to determine the intention of the parties to the contract of insurance. We are faced with the necessity of interpreting a policy which was purchased by plaintiff for the sole purpose of protecting it from loss by damage to heavy equipment necessarily transported from one job location to another as its logging operations required.
There is no question but that the damaged equipment, in the case before us, was one of the items insured under the policy. We experience no difficulty in finding the parties intended the insurance to afford coverage against the risk of damage by collision while the tree-farmer was being transported by land; that such mutual intent was within the contemplation of both parties and that such mutual intent is readily ascertainable from the language of the policy as a whole.
As related to the facts of this case, we find there was a "collision" and the insured equipment was "being transported on a land conveyance". Therefore, the narrow question is whether the "collision" must be with the truck or may it be with the truck and the equipment being conveyed thereon. We find the "collision" is not restricted to the conveying vehicle. The purpose of the policy was to provide insurance against damage to the equipment caused by a collision while it was being transported by land, whether the impact causing the collision was made with the truck, the cargo thereon, or the cargo and the truck.
We are inclined to the view the policy provides coverage in clear and unambiguous language. A contrary construction would be so narrow and restrictive that it would defeat the purpose of the policy. As stated in Corkern v. Main Insurance Company, 268 So.2d 138 (La.App. 1st Cir. 1972), it is the fundamental duty of the insurer to express clearly the limitations of its obligations.
In any event, we hold our interpretation of the policy provisions is reasonable and if there be any ambiguities in the policy they should be construed against the insurer who prepared the policy. Louisiana Civil Code Article 1957; Albritton v. Fireman's Fund Insurance Co., 224 La. 522, 70 So.2d 111 (1953); Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171 (1958) and cases cited.
Judgment of the lower court is affirmed at appellant's cost.