JONES, Judge.
Traders and General Insurance Company instituted this declaratory judgment proceeding seeking to have a renewal automobile liability policy interpreted as excluding coverage of an undescribed vehicle acquired during the prior policy period. The trial court found the replacement vehicle covered under the renewal policy and plaintiff appeals. We affirm.
Gloria Holdsworth owned a 1973 Lincoln and a 1968 pickup truck, both insured by Traders. Some time in November or December, 1974, she sold the truck and purchased a 1971 Volkswagen but did not inform her agent of this change.
Mrs. Holdsworth’s automobile liability policy expired April 28, 1975, and, as was his custom, her agent timely renewed the policy without express directions from Mrs. Holdsworth, listing the Lincoln and truck on the renewal policy as the insured vehicles. Mrs. Holdsworth paid the annual premium for renewal of the policy insuring these two vehicles.
On May 12, 1975 a friend of the insured’s daughter, driving the Volkswagen with the daughter’s permission, hit and killed a child. It was not until insured’s agent was notified of the accident that he learned of the change in vehicles.
Traders brought this action seeking a declaration that the accident involving the Volkswagen was not covered under the provisions of the policy issued to Gloria Holds- *1371 worth. The portion of the policy at issue reads:
* * * * * *
“ ‘owned automobile’ means (a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
* * * * * *
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 80 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, QJ, £ ♦ * »
The evidence established the Volkswagen was covered by the policy expiring April 28, 1975, as a replacement vehicle, without any notice to plaintiff. Trader’s contention is when this policy period expired and a new policy issued, the Volkswagen could no longer be considered insured as a replacement vehicle because it was not “ . acquired by the named insured during the policy period. . . .”
The general rules relative to the interpretation of contracts of insurance are set forth in Sumrall v. Aetna Casualty & Surety Company, 124 So.2d 168 (La.App., 2d Cir. 1960), as follows:
“A policy of insurance is a contract between the parties and, so far as they are concerned, it is the law of the case. The rules for its interpretation are the same as for the interpretation of agreements generally. Where the language is clear and expresses the intention of the parties, the contract is enforced as written. LSA-C.C. Arts. 1901, 1945, 1946; [citations omitted]. However, in construing the provisions of an insurance contract as binding the parties thereto, the words of the agreement will be given their general and popular interpretation and not that which is strained and unusual. LSA-C.C. Art. 14. If the terms are clear and unambiguous, they are to be taken and understood in their plain and ordinary sense. While all uncertainties and ambiguities must be construed in favor of the insured and against the insurer, courts are unauthorized to alter the terms of the policies under the guise of interpretation when they are couched in unambiguous language. . . . ” [Citations omitted] Id. page 180.
In Zurich Insurance Company v. Bouler, 198 So.2d 129 (La.App., 1st Cir. 1967), the court, in discussing the law applicable to the interpretation of an insurance contract stated:
“A contract of insurance should be given a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. The effect attributed to an insurance policy should be such as would be accorded its terms by an ordinary intelligent business man, that is, a practical and reasonable interpretation rather than a literal one. Such a contract should not be given a strained, forced or unreasonable application or one which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms, or which would lead to an absurd conclusion.
[Citation omitted] Id. pages 131, 132. “In the construction of an automobile insurance policy, the ascertainment and carrying out of the true intent of the parties are the paramount objects. . . ”
Blashfield, Automobile Law & Practice, Vol. 7, Section 292.3, at p. 213.
*1372 The provisions- of plaintiff’s liability policy quoted above provides coverage for three different classes of vehicles. Paragraph (2) provides coverage for automobiles described in the policy. Paragraph (c)(1) provides coverage for vehicles which are acquired by the named insured to replace a vehicle described in the policy. Paragraph (c)(2) provides coverage for vehicles which are acquired by the named insured in addition to vehicles described in the policy. Coverage under paragraph (c)(2) is provided only if the insurer insures all other vehicles of the named insured and the named insured notifies the insurer of the additional vehicle during the policy period or within thirty days from the date of acquisition. Coverage under paragraph (c)(1) is provided automatically, and is not subject to the notice provision or the exclusive insurance coverage requirement as is coverage under paragraph (c)(2). The purpose of these differences is obvious. The replacement of a vehicle will result in little or no increase in the risks insured and the premium charged for liability insurance will remain substantially the same. However, if an additional vehicle is purchased, it will proportionately increase the risks to be insured and will increase the premium owed to the insurer.
The trial court found the testimony clearly established an intent on the part of plaintiff to provide coverage for the two vehicles owned by Mrs. Holdsworth. The trial court found coverage under the policy took place upon replacement of the pickup truck with the Volkswagen, without the necessity of notification to the insurer. It found if notification had been given, the substitution of vehicles would have occurred with no increase in premium. The trial court found the reissuance of Mrs. Holdsworth’s insurance policy under the same terms and conditions as the original policy constituted an offer by plaintiff to reinsure the vehicles then owned by Mrs. Holdsworth, and this offer was accepted by Mrs. Holdsworth paying the premiums on the policy.
We agree with the findings of the trial court. The trial court interpreted the renewal insurance contract in accordance with the rules of interpretation set forth in Sumrall v, Aetna Casualty & Surety Company and Zurich Insurance Company v. Bouler, supra. Plaintiff would have us adopt a hypertechhical interpretation of the insurance policy which would lead to a result obviously contrary to the parties’ intent.
The policy contained the specific designation “renewal policy” and referred to the number of the previous policy. Under such circumstances the only reasonable interpretation is this “new” policy was intended to renew the coverage afforded by the earlier policy and insure the two vehicles belonging to Mrs. Holdsworth. Plaintiff billed Mrs. Holdsworth for two vehicles and she paid this amount.
Appellant urges the holding of the trial court is contrary to the jurisprudence, citing Barrett v. State Farm Mutual Automobile Insurance Company, 236 So.2d 900 (La. App., 3d Cir. 1970) and Mahaffey v. State Farm Mutual Automobile Insurance Company, 175 So.2d 905 (La.App., 3d Cir. 1965).
The rationale of Barrett is consistent with the result reached by the trial court because it specifically recognizes the word renew, as found in the insurance policy at issue, means to re-establish, revive, or “make new again”, the coverage existing in the prior policy. The court in Barrett denied coverage because it found the automobile in that case was a newly acquired automobile (see paragraph (c)(2) of this policy) and the insured failed to notify the insurer of the acquisition within the period allowed by the policy. If the automobile had been a replacement automobile such as here involved, the reasoning of the Barrett court would have led to the conclusion of coverage because coverage would have existed under the prior policy without notice to the insurer, and the renewal policy would have re-established the identical coverage.
The Mahaffey case is distinguishable from the instant case because the vehicle involved in the accident was owned by the *1373 named insured at the time he purchased the insurance and was not acquired to replace the vehicle described in the policy.
For the foregoing reasons, we affirm the judgment of the trial court, appellant to pay all costs.
Affirmed.