DOUCET, Judge.
This is a suit by Cathy Ann Moreau against John W. Sanders and Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau) for personal injury damages sustained in a boating accident. The jury rendered a verdict against the plaintiff and in favor of Farm Bureau finding no insurance coverage. From this verdict plaintiff now appeals. We affirm.
This suit arises out of a boating accident which occurred on Cane River Lake in Natchitoches Parish on August 23, 1979. The plaintiff, Cathy Ann Moreau, was a passenger in a boat which collided with a boat owned and operated by John Sanders.
The stipulated facts show that on April 8, 1978, John W. Sanders applied for a homeowner’s insurance policy with Farm Bureau through its Natchitoches Parish agency. At that time he filled out an application indicating truthfully that he did not own a watercraft with an outboard motor in excess of 25 horsepowers. The policy was issued with an effective term of April 11, 1978 to April 10, 1979.
The policy contains an exclusion which provides in pertinent part:
“This policy does not apply:
... b. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft: ... (2) powered by any outboard motor(s), singly or in combination of more than 25 total horsepower, if such outboard motor(s) is owned by any Insured at the inception of this policy and not endorsed hereon, unless the Insured reports in writing to this Company within 45 days after acquisition his intention to insure the outboard motor or combination of outboard motors, ownership of which was acquired prior to the policy term.”
Stipulated facts also show that on October 20, 1978, John Sanders purchased a watercraft with a 40 horsepower outboard motor, this being the same boat and motor that was involved in the August 23, 1979 accident. Thereafter, the homeowner’s policy was renewed by Farm Bureau with a policy term of April 11, 1979 to April 11, 1980. The accident occurred within this time period. At no time after the acquisition of his boat and motor did Mr. Sanders inform Farm Bureau of their purchase, nor did he request coverage for them under the personal liability section of his homeowner’s policy.
It was shown by stipulated testimony of Mr. Lanny Crow, Agency Manager of the Natchitoches Parish Farm Bureau office, that had Mr. Sanders informed Farm Bureau of his purchase of a boat with the 40 horsepower motor and requested coverage that a specific watercraft endorsement would have been attached to his renewal policy and an additional premium charge of $6.00 would have been assessed.
The jury found that under these stipulated facts, Farm Bureau did not provide coverage for the alleged negligent acts of John W. Sanders which resulted in injuries to Cathy Moreau. From this adverse jury verdict, the plaintiff now appeals.
The sole issue on appeal is whether the jury erred in finding that the policy in question did not afford coverage to the plaintiff for injuries she received in the boating accident.
A discussion of the law applicable to the interpretation of an insurance contract is found in Zurich Insurance Company v. Bouler, 198 So.2d 129 (La.App. 1st Cir. 1967) and restated in Traders & General Insurance Company v. Tillman, 349 So.2d 1370 (La.App. 2nd Cir. 1977):
“A contract of insurance should be given a fair, reasonable and sensible construction compatible with the apparent object and plain intention of the parties as expressed in the words of the agreement. The effect attributed to an insurance policy should be such as would be accorded its terms by an ordinary intelligent business man, that is, a practical and reasonable interpretation rather than a literal one. Such a contract should not be given *564 a strained, forced or unreasonable application or one which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms, or which would lead to an absurd conclusion ... . ”
The policy contains an exclusion to coverage for damages arising out of the ownership, operation or use of a watercraft-powered outboard motor of more than 25 horsepower, if owned at the inception of the policy and not endorsed thereon. The exclusion does not apply if the insured reports within 45 days after acquisition his intention to insure the motor, ownership of which was acquired prior to the policy term. Appellant contends that there was but one continuing policy and that since the motor was not acquired prior to the policy’s inception it is not excluded and therefore covered. The argument lacks merit in law and logic.
Each subsequent renewal of an insurance contract is a separate contract, even though a new policy is not issued. Courville v. State Farm Mutual Automobile Ins. Co., 393 So.2d 703 (La.1981), Fontenot v. State Farm Mutual Ins. Co., 119 So.2d 588 (La.App. 1st Cir. 1960). Thus the boat was owned at inception of the April 11, 1979 contract.
The case relied upon by appellant, Traders & General Ins. Co. v. Tillman, 349 So.2d 1370 (La.App. 2nd Cir. 1977), to the extent it survives after Courville, is distinguishable from the present situation in that Tillman involved replacement of a listed vehicle without notification to the insurer, prior to renewal, of the newly acquired vehicle. The court therein noted:
The replacement of a vehicle will result in little or no increase in the risks insured and the premium charged for liability insurance will remain substantially the same. However, if an additional vehicle is purchased, it will proportionately increase the risks to be insured and will increase the premium owed to the insurer.
349 So.2d 1370, at 1372
The case at bar involves an additional vehicle with an accompanying increase in risk. The plain intention of parties to an insurance contract is to provide coverage for those risks which are agreed to and for which premiums are paid. It would be unreasonable and impractical to find that the insurance company agreed to cover a boat and motor it didn’t know existed and for which it had received no premium.
Conversely, the insured cannot expect coverage he did not bargain for. The construction given the insurance contract and policy exclusion was fair, reasonable and sensible and the trial court’s verdict was clearly correct.
AFFIRMED at appellant’s cost.