HALL, Judge.
The defendant and third-party plaintiff, Frank G. Sholte, and the third-party defendant, United Services Automobile Association (USAA), appeal the trial court’s judgment awarding $14,446 to the plaintiff, finding Sholte’s pickup truck covered under the USAA policy, and awarding Sholte $3,500 in attorney fees against USAA. Sholte claims additional attorney fees as well as penalties should be awarded against USAA; USAA claims Sholte’s truck was not covered under the USAA policy involved. The $14,446 award to the plaintiff, Elizear G. Davis, is not at issue. We affirm the judgment of the trial court.

The Factual Setting

In September 1980, Sholte bought a 1954 Chevrolet pickup truck in restorable condition with the intent to restore the truck to its original condition. On September 12 or 19, 1981, Sholte sold his 1970 Impala and decided to replace it with the 1954 pickup truck he had recently restored to a usable condition. The 1970 Impala and a 1977 Datsun 280Z were both covered by a USAA liability insurance policy originally issued in October 1979 and renewed for successive six-month periods, the most recent renewal policy period being from April 27, 1981 through October 27, 1981. Sholte obtained a state vehicle inspection sticker for the pickup on September 17, 1981, and began using the pickup for transportation about that time. On October 27, 1981, Sholte and Davis were involved in the collision which gave rise to the present lawsuit. Sholte’s wife immediately notified USAA of the accident, but several months later USAA notified Sholte that USAA did not intend to provide coverage for the pickup involved in the collision or to provide a defense against any suit by Davis.
Davis filed suit against Sholte; Sholte filed an answer, as well as a third-party demand against USAA. USAA answered the third-party demand, denying coverage.
Subsequently, USAA filed a motion for judgment on the pleadings, contending the USAA policy did not cover Sholte’s pickup because the pickup was not, under the lan *138 guage of the policy, a replacement vehicle whose ownership was acquired during the policy period. The trial court denied this motion and this court denied USAA’s application for writs.
At trial, it was stipulated that plaintiff was entitled to recover damages in the amount of $14,446. Evidence was heard on the third-party demand. In a written opinion, the trial court found that the USAA policy covered Sholte’s pickup. Judgment was rendered in favor of plaintiff against both Sholte and USAA (although USAA was not named as a defendant in the suit) and awarding Sholte judgment against USAA for $3,500 attorney fees. Both Sholte and USAA appealed.
Issue No. 1 — Coverage of the Pickup
The pertinent language of the policy at issue reads:
“... ‘owned.automobile’means:
“(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded;
“(b) a trailer owned by the named insured;
“(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided:
“(1) it replaces an owned automobile as defined in (a) above, or
“(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
“(d) a temporary substitute automobile.” (Emphasis added)
The liability insurance policy involved in this case was originally issued for the “policy period” October 27, 1979 to April 27, 1980. It was thereafter renewed for successive six-month “policy periods” through the date of the accident and beyond.
The defendant would interpret the provision as requiring that for an automobile other than one described by the policy to be covered it must have been acquired and have replaced a described vehicle during the same policy period. The policy provision does not so provide. It requires (1) that an automobile be acquired during the policy period and (2) that it replace a described vehicle. The pickup was acquired during the policy period April 27, 1980 to October 27, 1980 while the policy was in full force and effect, meeting the first requirement. It replaced the described Impala during the policy period April 27, 1981 to October 27, 1981, while the policy was in full force and effect. At the time the replacement took place, the second requirement was met and the automatic coverage of the pickup became effective. The accident occurred during the latter policy period, after coverage became effective.
This court’s decision in Traders & General Insurance Company v. Tillman, 349 So.2d 1370 (La.App.2d Cir.1977), relied on by the trial court, supports a finding of coverage in the instant case. In that case, where the pertinent language of the insurance policy was the same as that of the policy in the instant case, the insured owned two vehicles insured by Traders. In November or December 1974, she sold one of the vehicles and replaced it with a 1971 Volkswagen, but failed to inform her agent of this change. The insured’s automobile liability policy was renewed in April 1975, listing the two vehicles originally insured and not the Volkswagen. In May 1975, the Volkswagen was involved in an accident. Traders claimed the Volkswagen was not covered because, when the previous policy period expired and a new policy issued, the Volkswagen could no longer be considered a replacement vehicle since it was not acquired during the new policy period. This court found the Volkswagen was covered, reasoning that under the terms of the policy, the Volkswagen qualified as a replacement vehicle during the policy period in *139 which it was purchased. When the policy was renewed, the insurer was in effect offering to reinsure the same vehicles which were covered at the expiration of the old policy. Thus, the Volkswagen was covered under the new policy as well.
The Traders case is, as argued by USAA, distinguishable in some respects from the instant case. In that case the automobile was acquired as a replacement automobile during the previous policy period, triggering automatic coverage, and the court found an intent to renew coverage of the automobiles insured during the previous policy period. Here, automatic coverage was not triggered during a previous policy period because the vehicle, although acquired during a previous policy period, did not replace a described automobile until the current policy period.
Although Traders is distinguishable on its facts, the distinction is, as noted by the trial judge, without a difference, and the underlying reasoning and rationale is applicable. In Traders, the court noted that liability policies are interpreted liberally in favor of coverage. The insured was paying for coverage on two automobiles and had replaced one automobile with another, as in this ease. There was no increased risk to the insurance company and no reason why coverage of the replacement vehicle would or could have been denied, as in this case. The court looked beyond the specific policy period in which the accident occurred to the previous policy period of the renewed insurance policy to determine whether or not there was coverage during the policy period in which the accident happened, as in this case.
The Sholte pickup, having been acquired during a policy period and having replaced a described vehicle during a policy period, became an “owned automobile” and was covered under the terms of the insurance policy.
Issue No. 2 — Attorney Fees
Sholte, as third-party plaintiff, objects to the trial court’s awarding $3,500 in attorney fees for defending the action and litigating the coverage issue, rather than the $4,182 established by the affidavit of Sholte’s attorney. The proper amount of attorney fees is a consideration within the discretion of the trial court and the award made in this case will not be disturbed as no abuse of discretion is found.
Sholte is, however, entitled to an additional award for attorney fees for the services rendered on appeal. We fix that amount at $1,410, the amount substantiated by the affidavit of Sholte’s attorney.
Issue No. 3 — Penalties under LSA-R.S. 22:658
Sholte contends he is also entitled to recover a penalty of 12 percent of the amount of the attorney fees incurred by him as provided for in LSA-R.S. 22:658, citing Little v. Kalo Laboratories, Inc., 424 So.2d 1065 (La.App.2d Cir.1982).
Sholte did not pray for statutory penalties in either his original or supplemental third-party demand. After judgment was rendered on the coverage issue but before judgment was signed, Sholte filed a rule to set attorney fees and to show cause why penalties under the statute should not be awarded. The record does not reflect service of the rule on USAA. The minutes' do not reflect that a hearing was held on the rule to show cause and the judgment, signed on the return day of the rule, did not award penalties. The rule to show cause was not sufficient to put statutory penalties at issue and the matter is not properly at issue before this court on appeal.

Decree

For the reasons assigned, the judgment of the district court is amended to increase the award of attorney fees from $3,500 to $4,910 and, as amended, is affirmed. Costs are assessed to United Services Automobile Association.
Amended, and as amended, affirmed.