464 So.2d 854 (1985)
William DECATUR & Joan Rolling, Individually & On Behalf of Her Minor Child Mary White
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Richard L. Monsour, Madison County Mutual Automobile Insurance Co.
No. 84-CA-343.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Charles F. Gay, Jr., David J. Bourgeois, Adams & Reese, New Orleans, for plaintiffs/appellants.
Robert E. Peyton, Liane C. King, Christovich & Kearney, New Orleans, for defendant/appellee.
Before BOWES, CURRAULT and GAUDIN, JJ.
BOWES, Judge.
The present case is before us on appeal from a judgment of the district court dismissing plaintiff's case against Madison County Mutual Automobile Insurance Company. We affirm.
William Decatur is presently a Louisiana resident. Formerly, his domicile was in Granite City, in Madison County, Illinois. In 1973, William Decatur purchased a policy of automobile liability insurance with Madison County Mutual Automobile Insurance Company, hereinafter known as Madison. Madison is a very small insurance company which only does business in the geographic area of Madison County, Illinois. Policy holders are all residents of that county. Madison limits the area in which it does business in order to keep policy premiums attractive and to avoid the necessity of having branch offices and employing independent adjusters to handle claims.
After 1973, Decatur continued to insure with Madison a succession of 2 more automobiles, bringing us to June 24, 1980. On that date, Mr. Decatur revised the coverage on his policy to increase his uninsured motorist coverage. The declaration sheet, signed by plaintiff, indicates "none" in the section entitled "underinsured motorist coverage." Some time after the above policy was issued, probably in September of 1980, plaintiff informed Ms. Fourcade, the *855 agent, that he would be moving temporarily to Louisiana for some business training, and that he intended to return to Granite City and reside there upon completion of this training. The initial period of relocation was supposed to be about 3 months. The temporary status of plaintiff's residence is indicated by his repeated statements at trial that he never intended to permanently reside in Louisiana until sometime in 1982; further, for purposes of maintaining his insurance with Madison, he used his father's address as his mailing address. He continued to pay premiums to Madison, by sending to his father a check for the premium due. His father would then send his own check to Madison. This scheme was devised in order to avoid alerting Madison to the fact that the checks were drawn on an out-of-state bankplaintiff didn't want the fact of his residence to be "caught."
The trial judge evidently believed Agent Fourcade's testimony that she did not collaborate with the plaintiff to misinform Madison; we cannot say that this was clearly wrong.
In November, 1981, plaintiff was still in Louisiana on extended training, still considering his residence temporary, and still insuring his automobile with Madison as described above. On November 4, 1981, plaintiff was involved in an accident with the defendant Monsour. Mary White was a guest passenger in the Decatur automobile. Prior to trial, settlement was reached with Monsour's insurer, U.S.F. & G. Plaintiff proceeded against Madison for damages in excess of U.S.F. & G.'s policy limits.
It was stipulated at trial that the issue would be limited to the finding as to which law was applicablethat of Illinois or Louisiana. The issue is crucial because, under Illinois law, the policy in question did not provide underinsured motorist coverage. Under Louisiana law, such coverage is mandatory unless specifically waived in writing.
The trial judge found that Illinois law was indeed applicable, and dismissed plaintiff's case. We agree and affirm this finding.
Louisiana Revised Statute 22:1406(D) mandates that insurers provide uninsured or underinsured coverage on all policies "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state" unless rejected in writing.
The policy in question was clearly neither issued for delivery nor delivered in Louisiana.[1]
However, plaintiff claims that his Madison policy was issued for six-month periods of time. Indeed, the policy declaration sheet shows the policy period as June 24, 1980 to December 24, 1980. Plaintiff stated at trial that he understood the policy was for a term of one year, with premiums due every six months. The agent, Fourcade, and Larry Sammon, underwriting manager for Madison, both testified that Madison writes its policies for 3-year periods with premiums set in 6 month increments. Plaintiff contends that since the policy was renewed every six months, the renewals constituted separate contracts, even though a new policy is not issued. He cites Moreau v. Sanders, 415 So.2d 562 (La.App.3rd Cir.1982) and Courville v. State Farm Mutual Automobile Insurance Co. 393 So.2d 703 (La.1981). Such application of law would, plaintiff contends, bring the policy within the confines of R.S. 22:1406(D). Without passing on this issue, we find that the application of the statute is inappropriate inasmuch as plaintiff has failed to prove his case on the second part of that test; that is, that his automobile was registered and principally garaged in this state.
Plaintiff readily admitted at trial that the insured vehicle was not registered in Louisiana. *856 We find that plaintiff's expressed intentions and actions, as well as his representations to Madison, and to the agent, Fourcade, compel us to conclude the automobile was not principally garaged in Louisiana.
While the automobile in question was certainly located in Louisiana, this is not synonymous with the term "principally garaged."
Unless stated otherwise in the policy, the vehicle is principally garaged at the address shown on the policyin this case, the insured's address in Illinois. We could find no contrary provisions in plaintiff's policy.
The scheme by which plaintiff paid his premiums, his uncontradicted statements at trial that he never intended to stay permanently in Louisiana, and his admission that he never represented either to Fourcade or to Madison that his permanent address was anywhere other than Illinois, are important factors in our holding today. Plaintiff went to some pains to convince the insurer, as well as the agent, that his residence was actually in Granite Cityindeed, he, himself, did not consider his Louisiana sojourn as anything more than temporary.
Therefore, R.S. 22:1406(D) is inapplicable to plaintiff's situation; the law of Illinois is appropriately applied.
We find it unnecessary to analyze further the "interests" test advanced by the plaintiff in his brief. Such test is appropriate in a situation only where there is a conflict of laws. There is no such conflict presented by the factual situation here.
We find, as did the Supreme Court in Jagers v. Royal Indemnity Co., 276 So.2d 309, (La.1973), that this case presents a "false conflict of laws question":
A false conflict occurs when it is found that only a single state has an interest in the application of its law, and that the other state involved has no interest in the application of its law in the case.
Plaintiff, an Illinois domicilary, sought to take advantage of the benefits afforded by insurance with Madison. His deciding to become a Louisiana domiciliary after the accident does not compel us to afford plaintiff the protection of Louisiana laws whose advantages he declined before the accident.
For the foregoing reasons, the judgment of the district court is affirmed dismissing plaintiff's suit. Each party is taxed his own costs on appeal.
AFFIRMED.
NOTES
[1] Since this opinion has been decided, we have become aware of the Supreme Court case of Snider v. Murray, et al., 461 So.2d 1051 (1985), which case, we believe, validates our conclusions herein.