PRICE, Judge.
Plaintiff-surety filed this suit seeking indemnification from defendants for amounts paid as claims under a fidelity bond issued by plaintiff. The trial court rendered judgment for plaintiff against LaFrance Enterprises, Inc., but dismissed its demand against Warren Clifford LaFrance individually. Plaintiff appeals that portion of the judgment rejecting its claim against LaF-rance individually, and we reverse.
In February 1973 LaFrance operated a retail drug store and desired to include a postal unit by contract with the United States. Plaintiff obtained the fidelity bond from plaintiff through Montgomery Insurance Agency. The contract with the post office listed “W. Clifford LaFrance” as principal, plaintiff as surety, and the United States as obligee. In the formal application for the bond, LaFrance agreed to indemnify plaintiff for any losses incurred as surety on the bond. The indemnity agreement further stated that it applied to “every continuation, renewal, substitute, or new bond.”
Upon realizing his potential personal liability for the financial affairs of the post office, LaFrance contacted the Montgomery Agency and requested that the principal on the bond be amended to “LaFrance Enterprises, Inc.” Plaintiff issued a rider effective June 22,1976, and signed June 28,1976, which stated:
It is understood and agreed that the bond described above is hereby modified so as to state the name of the Principal therein as LaFrance Enterprises, Inc., Warren Clifford LaFrance, President instead of Warren Clifford LaFrance.
In July 1978 LaFrance suspected embezzlement and a subsequent audit showed substantial shortages. Plaintiff cancelled the bond and paid $5,085.69, representing the amount lost, to the federal government.
Plaintiff alleges the trial court erred in finding LeFrance immune from liability on the indemnity agreement. It contends that the bond application evidencing LaF-rance’s indemnity obligation and the j>ond are two separate documents, and that the rider changing the identity of the principal affected only the bond and not the bond application. We find merit in plaintiff’s contentions, and therefore we reverse.
The trial court reasoned that the rider amended both the bond and the indemnity agreement and that the amended bond represented a new obligation to which the original indemnity agreement did not apply. It noted that certain correspondence prepared by plaintiff referred to “LaFrance Enter *1297 prises, Inc.,” and that this is proof that LaFrance had no future liability on the bond.
The trial court erred in finding that the rider amended the indemnity agreement. The rider referred only to a change in the principal on the bond and made no reference to the indemnity agreement. While the application and bond are to be read together, they remain separate documents, and it is an incorrect interpretation of the rider to say that it applies to the indemnity agreement.
The trial court was also in error in finding that the rider converted the bond into a new obligation. The rider simply amended a provision in the bond. It became part of the bond and is to be read with and harmonized with the provisions of the bond. Le Doux v. Old Republic Insurance Company, 233 So.2d 731 (La.App.3d Cir.1970); Maggio v. Manchester Insurance Co., 292 So.2d 255 (La.App. 4th Cir.1974); La. R.S. 22:654.
The indemnity agreement signed by LaFrance specified that it applied to “every continuation, renewal, substitute, or new bond.” By its clear terms this agreement applied to the bond regardless of whether the bond was amended or a new one was substituted. It represented his continuing obligation of indemnifying plaintiff for amounts paid as surety. A fidelity bond must be interpreted as any other contract, and where the language clearly expresses the will and intention of the parties, it will be enforced as written. Verneco Inc. v. Fidelity and Casualty Company of N.Y., 207 So.2d 828 (La.App.3d Cir.1968).
LaFrance testified that his intent in changing the name of the principal was to avoid personal liability. He probably did not realize when he signed the bond application containing the continuing indemnity agreement that he would be bound to indemnify plaintiff regardless of who was listed as principal. There was nothing ambiguous in the agreement, and he must be assumed to have known its contents. If a loss is to be suffered because of his misunderstanding, it must be borne by him who caused it and not by the innocent party who acted in good faith in reliance upon his act. Trinity Universal Insurance Company v. Good, 202 So.2d 379 (La.App. 4th Cir.1967); Travelers Indemnity Co. v. Ducote, 380 So.2d 10 (La.1979).
For the reasons assigned, that portion of the judgment dismissing plaintiff’s demand against Warren Clifford LaFrance is reversed. Judgment is hereby rendered in favor of plaintiff and against Warren Clifford LaFrance for $5,085.69, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings including cost of this appeal.